**E-FILED**
Tuesday, 26 July, 2011 04:21:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JASPER VARGAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 10-CV-02231 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## OPINION

On October 8, 2010, Petitioner, Jasper Vargas filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (#1). In his motion Petitioner alleges that: (1) his constitutional right to effective counsel was violated because his trial and appellate counsel were both ineffective, and (2) as a result he was denied a fair trial. The Respondent contends that the Petitioner's motion should be dismissed as time barred because it was filed more than one year after his conviction and sentence became final (#4).

This court has carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, this court agrees with the Respondent that the Petitioner's § 2255 motion is time barred. Therefore, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is dismissed.

## FACTS

On November 20, 2004, an Illinois state trooper pulled Petitioner's tractor-trailer over for

1

speeding northbound on Interstate 57 in Iroquois County in the Central District of Illinois. The Petitioner appeared nervous and his hands were shaking. During a search of the tractor-trailer, agents found a hidden compartment in the refrigeration unit of the trailer and discovered 157 bundles containing 282 kilograms of cocaine with a wholesale value worth over five million dollars.

On February 3, 2005, in Case No. 05-CR-2007, a grand jury in the Central District of Illinois charged the Petitioner with one count of possession of more than five kilograms of cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii) . On January 18, 2007, following a jury trial, the court declared a mistrial because of a hung jury. On January 31, 2007, following a retrial, a jury found the Petitioner guilty. On May 2, 2007, the district court sentenced the Petitioner to a mandatory term of life imprisonment and imposed a $100 special assessment. On May 3, 2007, the Petitioner filed a timely notice of appeal.

On appeal, the Petitioner argued that the trial court erred in permitting the United States to prove the Petitioner's knowledge of the cocaine by introducing evidence that the Petitioner previously had been involved in transporting drugs in refrigerated trailers. On December 31, 2008, the Seventh Circuit held that the court properly admitted this evidence under Fed. R. Evid. 404(b) and affirmed Petitioner's conviction. United States v. Vargas, 552 F.3d 550 (7th Cir. 2008). The Petitioner had until March 31, 2009, to petition the United States Supreme Court for a writ of certiorari. Supreme Court records show that the Petitioner filed his petition on July 30, 2009. On October 5, 2009, the Supreme Court denied the Petitioner's petition for a writ of certiorari. Vargas v. United States, 130 S. Ct. 308 (U.S. Oct. 5, 2009).

On October 8, 2010, the Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255. In his motion, the Petitioner argues that his trial and appellate counsel were ineffective for: (1) failing to object to a drug agent's expert testimony that drug traffickers do not typically use unwitting individuals to transport over $5 million in narcotics; and (2) failing to object to the admission of evidence of the prior sentence reductions of cooperating government witnesses. Petitioner argued that the cumulative effect resulted in prejudice to him and denied him his right to a fair trial. The government filed a Response (#4) and argued that Petitioner's motion is untimely. Petitioner filed a Reply (#5).

## **ANALYSIS**

A § 2255 motion to vacate, set aside or correct a sentence may be brought by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, a "1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f).

> The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of the conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially

> recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The facts of this case show that the Petitioner's § 2255 statute of limitations should be calculated based on subsection "(1)" of the aforementioned statute. The Supreme Court has held that under that subsection, a petitioner's judgment becomes final when his time to file a petition for a writ of certiorari expires. Clay v. United States, 537 U.S. 522, 525 (2003). Therefore, Petitioner's judgment became final on March 31, 2009, ninety days after his conviction was affirmed by the Seventh Circuit and his time to file for a petition for a writ of certiorari expired. See Clay, 537 U.S. at 525 ; see also Sup. Ct. R. 13(1) (stating that a petition for a writ of certiorari must be filed within 90 days after the entry of the judgment sought to be reviewed). Petitioner had one year, until March 31, 2010, to file the instant § 2255 motion.

On July 30, 2009, the Petitioner filed an untimely petition for a writ of certiorari with the Supreme Court. (Docket No. 09-5730). The Supreme Court denied the Petitioner's petition for a writ of certiorari on October 5, 2009. However, an untimely petition for a writ of certiorari does not toll the statute of limitations under § 2255. See Clay, 537 U.S. at 525 ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the *time expires* for filing a petition for certiorari contesting the appellate

court's affirmation of the conviction.") (emphasis added); Robinson v. United States, 416 F.3d 645, 646 (7th Cir. 2005) ("finality attaches for purposes of the one-year limitations period of § 2255 . . .[when] the time for filing a certiorari petition expires, not the later date when the Court denies a petition for rehearing a denial of certiorari or the time for filing such a petition expires."); see also Edwards v. United States, 295 Fed. Appx. 320, 321 (11th Cir. 2008) ("Because the district court found that Edward's petition for writ of certiorari in the Supreme Court was untimely, the petition did not toll the time for filing his § 2255 motion.").

On October 8, 2010, the Petitioner filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The instant § 2255 motion is time-barred because the Petitioner filed it with the court 191 days late.[1]

The Petitioner argues in his Reply to the Government's Response (#5) that the substantive part of his petition for a writ of certiorari was timely filed on March 20, 2009. Petitioner states that the Supreme Court noted "technical deficiencies" in his petition and requested that he submit a "declaration of indigence." Petitioner claims that the Supreme Court made it clear to him that the "substance of the petition was accepted and was not subject to further revision." He goes on to state that in June 2009 the Supreme Court "had trouble finding an active case for petitioner in its database and requested further details." He points this court to a letter he attached from the Clerk of the Supreme Court. However, this letter was never attached by the Petitioner and the Supreme Court's website indicates that Petitioner's petition for a writ of

---

[1] Under the prison mailbox rule of Houston v. Lack, 487 U.S. 266 (1988) – extended by the Seventh Circuit to prisoners filing *pro se* habeas corpus petitions in Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999) – the Petitioner's motion is still untimely. The Petitioner signed the motion on October 4, 2010, which makes it untimely by 187 days.

5

certiorari was untimely filed on July 30, 2009.

It appears that the Petitioner is making a argument for equitable tolling. Equitable tolling can excuse an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003), quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 200). The "equitable tolling of a statute of limitations is an extraordinary remedy reserved for truly exceptional situations." Nolan v. United States, 358 F.3d 480, 486 (7th Cir. 2004).

If the Petitioner wanted to make a legal argument for equitable tolling he should have provided sufficient evidence for this court to make such a ruling. Moreover, it is not this court's responsibility to ferret out evidence and non-public documents that are beneficial to the Petitioner.

For all of the reasons stated, this court concludes that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is untimely and must be denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim." which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(emphasis added); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion should be dismissed as untimely.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (#1) is DISMISSED as time-barred.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 26th day of July, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE